UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6454-Civ-ZLOCH
MAGISTRATE JUDGE SORRENTINO

FILED by _____ D.C.
MAG. SEC.

APR 1 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

SHERIF KODSY,

       Plaintiff,       :

v.                         :

JAMES MICHAEL STARK, ESQ., et al.,:

       Defendants.     :

<u>REPORT OF</u>
<u>MAGISTRATE JUDGE</u>

    The plaintiff, Sherif Kodsy, a/k/a Sharif R. Kodsy, a/k/a Sherif Kodsky, has filed a <u>pro se</u> civil rights complaint (DE# 1) for damages pursuant to 42 U.S.C. §1983 against three defendants: 1) a criminal defense attorney, James Michael Stark, Esquire: 2) the Honorable Victor Tobin, Circuit Judge for the Seventeenth Judicial Circuit of Florida; and 3) Assistant State Attorney Mulligan, from Broward County.

    In a companion case filed by him on the same day as this case, Case No. 00-6381-Civ-MIDDLEBROOKS, the plaintiff Kodsy sued Ft. Lauderdale Police Officers for damages. In the complaint in that case Kodsy alleges that the officers were involved in his April 5, 1996 arrest, after he had a disagreement with Jack Rowe, a homeless individual whom he had permitted to live inside of his warehouse. According to Kodsy, Rowe had permission to live in the warehouse in return for performing work for him. Rowe didn't live up to his part of the bargain. When Kodsy attempted to change the lock on the warehouse door and asked Rowe to leave, Rowe refused, and resisted,



according to Kodsy with violence. Kodsy alleges that he was cut on the hand and index finger, and felt that his life was being threatened by Rowe. Kodsy went and obtained a baseball bat. Kodsy then used the bat to keep Rowe from furthering his attack upon him. Kodsy was wielding the baseball bat as the Ft. Lauderdale Police officers arrived on the scene. Kodsy was arrested.

Officer Salters allegedly stated to Kodsy at the scene of his arrest, "I know how violent you Arabs get, I'm from Detroit."

Kodsy alleges that he had received very bad cuts on his hand, that he was acting in self defense, that his arrest was unlawful, and that it was a product of failure to investigate and a conspiracy between the officers to corrupt justice in order to obtain his conviction because he is an Arab.

Records pertaining to the plaintiff which are published and maintained by the Florida Department of Corrections on the Internet, indicate that he was convicted in criminal case No. 96-06133, and was sentenced in that case on September 19, 1997, in the Circuit Court for the Seventeenth Judicial Circuit of Florida, at Broward County. The offense, Aggravated Battery with a Deadly Weapon, was committed on April 5, 1996. A term of incarceration of three years, nine months, and twenty-seven days, was imposed for the conviction. (See: Inmate Population Information Details, in the

Corrections Offender Network, as published on the Internet at http://www.dc.state.fl.us).

In the complaint in this case, the plaintiff Kodsy alleges that he stands convicted because his attorney, James Michael Stark, provided ineffective representation, and because Attorney Stark conspired with Judge Tobin and Assistant State Attorney Milligan to obtain his conviction.

The plaintiff Kodsy is proceeding *pro se*, however, he paid the Clerk's filing fee and is not proceeding *in forma pauperis*.

On April 26, 1996, the Prison Litigation Reform Act of 1995 ("PLRA") was signed into law, modifying the requirements for proceeding *in forma pauperis* in federal courts.

Under the April 26, 1996 enactments, 28 U.S.C. §1915A was amended. As amended, it reads in pertinent part, as follows:

> Sec. 1915A. Screening
>     (a) Screening.--The court shall review, be-
> fore docketing, if feasible or, in any event,
> as soon as practicable after docketing, a
> complaint in a civil action in which a prison-
> er seeks redress from a governmental entity or
> officer or employee of a governmental entity.
>     (b) Grounds for Dismissal.--On review, the
> court shall identify cognizable claims or
> dismiss the complaint, or any portion of the
> complaint if the complaint--
>     (1) is frivolous, malicious, or fails to
> state a claim upon which relief may be
> granted; or
>     (2) seeks monetary relief from a defendant
> who is immune from such relief.

3

> (c) Definition.--As used in this section, the term prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

Subsequently, in <u>Martin v. Scott</u>, 156 F.3d 578 (5 Cir. 1998) the Appellate Court held that the screening procedures set forth in 28 U.S.C. §1915A apply to all prisoner civil rights actions, even actions where the prisoners are not seeking to proceed *in forma pauperis*.

The complaint is in legal effect an attack upon Kodsy's conviction and sentence, which have not been overturned. The plaintiff's claims for damages are foreclosed under the landmark case of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

Under <u>Heck</u>, if a judgment in favor of a state prisoner seeking damages in a §1983 suit would necessarily imply the invalidity of his or her convictions or sentences, the complaint must be dismissed. The §1983 claim for damages will not exist until the convictions or sentences are reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

The plaintiff's conviction and sentence for the April 5, 1996 aggravated Battery has not been overturned. As such, his claims are subject to dismissal pursuant to Heck v. Humphrey, supra, and pursuant to 28 U.S.C. §1915A(b)(1), for failure to state a claim upon which relief may be granted. The §1983 claim for damages will not exist until the convictions or sentences are reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.

It is therefore recommended that: 1) as to all defendants on all claims, the complaint be dismissed pursuant to Heck v. Humphrey, 512 U.S. 477 (1994), and pursuant to 28 U.S.C. 1915A(b)(1), for failure to state a claim upon which relief may be granted; and 2) this case be closed.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: April 12, 2000

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Sherif Kodsy, Pro Se
     a/k/a Sherif Kodsky
     DC# 924772
     Dade C.I. North Annex
     19000 S.W. 377th Street
     Florida City, FL 33034-0530

5